UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOWN AND COUNTY OF NANTUCKET, MASSACHUSETTS,

    *Plaintiff,*

  v.

DOUGLAS BURGUM, Secretary of the Interior;
U.S. DEPARTMENT OF THE INTERIOR;
BUREAU OF OCEAN ENERGY MANAGEMENT,

    *Defendants,*

  and

SOUTHCOAST WIND ENERGY LLC,

    *Defendant-Intervenor.*

Case No.: 1:25-cv-00906

## DEFENDANT-INTERVENOR SOUTHCOAST WIND ENERGY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant-Intervenor SouthCoast Wind Energy LLC ("SouthCoast Wind") pleads as follows in response to Plaintiff Town and County of Nantucket Massachusetts's ("Plaintiff") Complaint, *see* ECF No. 1.

### INTRODUCTION

1.    The allegations in Paragraph 1 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations. The allegations in Paragraph 1 purport to describe National Historic Landmark designation of the Nantucket District, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 1 are inconsistent with that document, those allegations are denied.

2. The allegations in Paragraph 2 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

3. The allegations in Paragraph 3 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

4. The allegations in Paragraph 4 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

5. The allegations in Paragraph 5 purport to describe the President's Memorandum titled "Temporary Withdrawal of All Areas on the Outer Continental Shelf From Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects", which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 5 are inconsistent with that document, SouthCoast Wind denies each of the allegations.

6. The allegations of Paragraph 6 are conclusions of law that require no response. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

7. The allegations in Paragraph 7 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

8. The allegations of Paragraph 8 are conclusions of law that require no response. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

## JURISDICTION AND VENUE

9. The allegations of Paragraph 9 are conclusions of law that require no response. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

10. The allegations of Paragraph 10 are conclusions of law that require no response. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

11. The allegations of Paragraph 11 are conclusions of law that require no response. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

## PARTIES

12. SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies these allegations on that basis.

13. SouthCoast Wind admits that Defendant Douglas Burgum is the Secretary of the U.S. Department of the Interior ("DOI"). The remaining allegations of Paragraph 13 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

14. SouthCoast Wind admits that Defendant DOI is a department of the federal government. The remaining allegations of Paragraph 14 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

15. SouthCoast Wind admits that Defendant U.S. Bureau of Ocean Energy Management ("BOEM") is an agency of Defendant DOI. The remaining allegations of Paragraph 15 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

16. The allegations of Paragraph 16 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

## BACKGROUND

**Legal Framework**

17. The allegations of Paragraph 17 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

18. The allegations of Paragraph 18 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

19. The allegations in Paragraph 19 purport to describe the BOEM Final Environmental Impact Statement ("FEIS"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 19 are inconsistent with the BOEM FEIS, those allegations are denied. The allegations of Paragraph 19 also include conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

20. The allegations of Paragraph 20 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

21. The allegations of Paragraph 21 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

22. The allegations of Paragraph 22 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

23. The allegations of Paragraph 23 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

## FACTUAL BACKGROUND

**Nantucket's Historic and Cultural Resources**

24. SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies these allegations on that basis.

25. SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies these allegations on that basis.

26. The allegations in Paragraph 26 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations.

27. SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies these allegations on that basis.

28. SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies these allegations on that basis.

29. SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies these allegations on that basis. The allegations in Paragraph 29 purport to describe National Historic Landmark designation, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 29 are inconsistent with that document, those allegations are denied.

30. SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies these allegations on that basis.

**SouthCoast Wind**

31. SouthCoast Wind admits that it has proposed a utility-scale offshore wind farm project to be built within the OCS-A 0521 Lease Area approximately 23 miles south of the coast of Nantucket, Massachusetts (the "Project"). SouthCoast Wind admits that the Project, as approved by BOEM, may include up to 141 turbines that may be each up to approximately 1,066 feet tall. SouthCoast Wind further admits that the Project's export cables will connect to the onshore electric grid in Brayton Point, Somerset, Massachusetts.

32. SouthCoast Wind denies that the Project is being developed by Ocean Winds North America, LLC. The Project is being developed by SouthCoast Wind Energy LLC, a wholly owned subsidiary of OW North America LLC ("Ocean Winds"). SouthCoast Wind admits that, until 2024, SouthCoast Wind was jointly owned by Ocean Winds and Shell New Energies LLC. SouthCoast Wind admits that Ocean Winds is wholly-owned by OW Offshore, S.L., a joint venture owned by EDP Renewables, SA and ENGIE, SA. SouthCoast Wind admits that EDP Renewables, SA is owned by the EDP Group, SA (the largest Portuguese utility company), GIC Private Limited (the Government of Singapore), and others. SouthCoast Wind denies the allegation that ENGIE, SA is a French utility company in which the French government has the largest shares.

33. The allegations in Paragraph 33 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is deemed required, SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies these allegations on that basis.

34. The allegations in Paragraph 34 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations. SouthCoast Wind avers specifically that in its role as the lead agency for the Project under the National Environmental Policy Act ("NEPA"), BOEM evaluated the potential impacts of the Project on nearby historic and visual resources, including the Nantucket Historic District, and took appropriate steps to avoid, minimize, and/or mitigate any adverse impacts.

35. The allegations in Paragraph 35 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies each of the allegations in Paragraph 35 related to impacts on historic and visual resources

and incorporates by reference its answer to Paragraph 34. SouthCoast Wind lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies these allegations on that basis.

36. The allegations in Paragraph 36 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is deemed required, SouthCoast Wind denies the allegations in Paragraph 36. SouthCoast Wind avers specifically that BOEM's NEPA review of the Project involved a detailed review of potential tourism impacts from the Project, and the FEIS concluded that the Project could have beneficial impacts on recreation and tourism resources.

**BOEM's Conduct**

37. The allegations of Paragraph 37 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

38. The allegations of Paragraph 38 are conclusions of law that require no response and, to the extent a response is required, the allegations are denied.

## CLAIMS FOR RELIEF

39. SouthCoast Wind incorporates by reference the answers to Paragraphs 1 through 38 set forth above.

**First Claim for Relief**

40. SouthCoast Wind incorporates by reference the answers to Paragraphs 1 through 39 set forth above.

41. The allegations in Paragraph 41 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

42. The allegations in Paragraph 42 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

43. The allegations in Paragraph 43 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

44. The allegations in Paragraph 44 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

45. The allegations in Paragraph 45 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

46. The allegations in Paragraph 46 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

47. The allegations in Paragraph 47 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

48. The allegations in Paragraph 48 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

49. The allegations in Paragraph 49 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

**Second Claim for Relief**

50. SouthCoast Wind incorporates by reference the answers to Paragraphs 1 through 39 set forth above.

51. The allegations in Paragraph 51 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

52. The allegations in Paragraph 52 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

53. The allegations in Paragraph 53 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

54. The allegations in Paragraph 54 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

55. The allegations in Paragraph 55 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

56. The allegations in Paragraph 56 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

57. The allegations in Paragraph 57 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

58. The allegations in Paragraph 58 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

**Third Claim for Relief**

59. SouthCoast Wind incorporates by reference the answers to Paragraphs 1 through 39 set forth above.

60. The allegations in Paragraph 60 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

61. The allegations in Paragraph 61 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

62. The allegations in Paragraph 62 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

63. The allegations in Paragraph 63 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

64. The allegations in Paragraph 64 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

65. The allegations in Paragraph 65 are conclusions of law that require no response, and to the extent a response is required, the allegations are denied.

## **PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, SouthCoast Wind denies the Plaintiff is entitled to the relief requested, or to any relief.

## **GENERAL DENIAL**

SouthCoast Wind denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

SouthCoast Wind denies any allegations of the Complaint to the extent that Plaintiff's invoked documents or relied on characterizations of documents that are not part of the official administrative record.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to assert some or all of its claims.

3. Plaintiff has failed to properly establish subject matter jurisdiction.

4. Plaintiff has failed to raise certain of its claims before the agencies and otherwise failed to exhaust its administrative remedies.

5. Some or all of Plaintiff's claims are barred by statute.

6. Some or all of Plaintiff's alleged injuries do not fall within the interests protected by statute.

7. Plaintiff's claims are barred by the doctrines of waiver and laches.

8. Plaintiff has failed to demonstrate that some or all of its claims are ripe for judicial review.

9. Plaintiff's prayers for other relief are improper in that less severe remedies are available and appropriate should Plaintiff be successfully in proving its claims.

HOLLAND & KNIGHT LLP

By: */s/ Rafe Petersen*

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Counsel for Defendant-Intervenor*
*SouthCoast Wind Energy LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

HOLLAND & KNIGHT LLP

By: */s/ Rafe Petersen*

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Counsel for Defendant-Intervenor*
*SouthCoast Wind Energy LLC*