IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOWN AND COUNTY OF NANTUCKET,**<br><br>     Plaintiff,<br><br> v.<br><br>**DOUG BURGUM, et al.,**<br><br>     Defendants. | Case No. 1:25-cv-00906-TSC |

**FEDERAL DEFENDANTS' MOTION TO DEFER THE DEADLINE
TO RESPOND TO PLAINTIFF'S COMPLAINT**

  Federal Defendants respectfully move to defer Defendants' deadline to respond to Plaintiff's Complaint. Good cause exists for granting the motion because, as further explained below, the U.S. Department of the Interior intends to move for a voluntary remand of the agency action at issue in this litigation and to stay the case pending the remand. Federal Defendants intend to file that motion no later than September 18.  Federal Defendants therefore request that the Court defer Federal Defendants' responsive pleading deadline until twenty-one days after the Court rules on Federal Defendants' forthcoming remand motion or, if the Court grants the remand and enters a stay, twenty-one days after the stay is lifted.

  1. Plaintiff brought this action on March 27, 2025, challenging Interior's approvals associated with the SouthCoast Wind Project ("Project"). *See* Dkt. No. 1. In particular, Plaintiff challenges under the National Environmental Policy Act ("NEPA") and the National Historic Preservation Act ("NHPA") Interior's December 2024 Record of Decision, which explained Interior's action to approve with conditions the Project's construction and operations plan

("COP"). Plaintiff's complaint arises under the Administrative Procedure Act's cause of action for challenging final agency action—here, the COP approval. Compl. ¶¶ 40-65.

2. On May 28, 2025, this Court granted Federal Defendants' unopposed motion for an extension of time to respond to Plaintiff's Complaint until September 5, 2025. May 28, 2025 Minute Order.

3. A further deferral of Federal Defendants' responsive pleading deadline in this case is needed because Interior intends to reconsider its COP approval and will therefore be moving for a voluntary remand of that agency action by September 18, 2025. *See, e.g.*, *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (recognizing that administrative agencies have the authority to reconsider their decisions).

4. The outcome of Interior's reconsideration has the potential to affect the Plaintiff's claims in this case. Interior's COP approval is the final agency action at the root of Plaintiff's claims. Any new decision would be a new final agency action under the APA. With that possibility, litigating the propriety of the current final agency action in the interim makes little sense. Thus, in order to conserve judicial resources, Federal Defendants will also seek a stay of proceedings in this Court, at least until the Court has had the opportunity to rule on the remand motion. Similarly, continuing to litigate this case before any decision is made on the motion for remand and stay would potentially waste considerable time and resources for both the parties and the Court. By contrast, the requested extension would allow the Court adequate time to consider the forthcoming motion for remand and stay and not prejudice the other parties because, should the motion for remand and stay be denied, Federal Defendants would then file their response to the complaint.

5.      Federal Defendants therefore respectfully request that the Court defer the responsive pleading deadline until twenty-one days after either (i) the Court rules on Defendants' motion for voluntary remand or, (ii) if the Court grants a stay, until twenty-one days after the stay is lifted.

6.      This is Federal Defendants' second extension request, and there are no other currently pending deadlines in this action that the requested extension would affect.

7.      The parties have conferred concerning this motion. Counsel for Plaintiff advised that Plaintiff does not oppose. Counsel for Defendant-Intervenor advised that Defendant-Intervenor opposes this motion and intends to oppose Federal Defendants' forthcoming motion for voluntary remand and stay.

For the reasons stated above, and in the interest of judicial efficiency, there is good cause to defer Federal Defendants' responsive pleading deadline until twenty-one days after the Court rules on the remand motion or, if the Court issues a stay, twenty-one days after the stay is lifted. Respectfully submitted this 29th day of August, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

*/s/ Angela N. Ellis*
ANGELA N. ELLIS
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0456
angela.ellis@usdoj.gov

*Counsel for Federal Defendants*