UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOWN AND COUNTY OF NANTUCKET, MASSACHUSETTS,<br><br>*Plaintiff,*<br><br>v.<br><br>DOUGLAS BURGUM, Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT,<br><br>*Defendants,*<br><br>and<br><br>SOUTHCOAST WIND ENERGY LLC,<br><br>*Defendant-Intervenor.* | Case No.: 1:25-cv-00906-TSC |

**DEFENDANT-INTERVENOR SOUTHCOAST WIND ENERGY LLC'S RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DEFER THE DEADLINE TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant-Intervenor SouthCoast Wind Energy LLC ("SouthCoast Wind"), by and through their attorneys of record, hereby respond in opposition to Federal Defendants' Motion to Defer the Deadline to Respond to Plaintiff's Complaint (ECF No. 17) ("Motion") filed on August 29, 2025. In opposition thereto, SouthCoast Wind submits the following:

1. Plaintiff Town and County of Nantucket, Massachusetts ("Plaintiff") filed its Complaint in this matter on March 27, 2025 (ECF No. 1). The Complaint challenges the Record of Decision ("ROD") issued on December 20, 2024 by Defendant Bureau of Ocean Energy Management ("BOEM") approving SouthCoast Wind's Construction and Operations Plan ("COP") for its offshore wind project located off the coast of Massachusetts and Rhode Island (the

"Project") based on alleged failures to adequately consider impacts to the Nantucket Historic District.

2.     On April 8, 2025, SouthCoast Wind promptly filed a motion to intervene, explaining that SouthCoast Wind has direct, substantial, and legally protectable interests in the challenged Project approvals, and Plaintiff's requested relief threatens to directly impair such interests (which are in the hundreds of millions of dollars) (EFC No. 6-1 at 7).  SouthCoast Wind further noted that "Federal Defendants do not share SouthCoast Wind's interest in meeting its contractual obligations and protecting its extensive financial investment in the Project" as one of the reasons for intervention.  *Id.* at 18.  The motion included a proposed Answer to the Complaint (EFC No. 6-4). The Court granted SouthCoast Wind's motion and lodged SouthCoast Wind's Answer to the Complaint (ECF No. 16).

3.     On May 28, 2025, Federal Defendants filed an Unopposed Motion for an Extension of Time to Respond to Complaint, requesting a 90-day extension to respond to the Complaint until September 5, 2025 (ECF No. 11). As justification for this request, Federal Defendants stated that they "require[d] additional time to review the Complaint and prepare a response," citing to two June filing deadlines in unrelated cases of the undersigned counsel. *Id.* This Court granted Federal Defendants' Unopposed Motion that same day.

4.     Now, on August 29, 2025, after having over five months to prepare for its involvement in this case, and a mere one week before their responsive pleading is due, Federal Defendants have filed a second Motion to seek additional time to respond to the Complaint (ECF No. 17).  The Motion states that Federal Defendants intend to file a motion for voluntary remand of "the agency action at issue in this litigation" by September 18, 2025, including a request for a stay pending the Court's decision on the remand motion (ECF No. 17 at 2).  Federal Defendants

request that the Court defer their deadline to file a responsive pleading until either (a) 21 days after the Court rules on the remand motion, or (b) if a stay is granted, 21 days after the stay is lifted. *Id.* at 3.

5. The Motion should be denied because Federal Defendants have failed to meet their burden to establish "good cause" justifying their request for a second extension to file a responsive pleading. Fed. R. Civ. P. 6(b)(1)(A). In fact, Federal Defendants offer no explanation at all for their continued delay in participating in these proceedings and wholly fail to consider the significant prejudice that has been and will continue to be suffered by SouthCoast Wind as a result.

6. In their Motion, Federal Defendants attempt to rely on their intention to seek remand and a stay of this case as grounds for an additional extension. However, even if Federal Defendants' future remand motion can present an adequate reason justifying further delay (which it cannot), Federal Defendants wholly fail to address why they could not have filed such motion any time since the Complaint was served upon them more than five months ago. Accordingly, no good cause exists for this second request by Federal Defendants, which amounts to an indefinite stay of their responsive pleading deadline, and is not a reasonable or routine request. *See Koch v. White,* 251 F. Supp. 3d 162 (D.D.C. 2017) (denying multiple extension requests that result in litigation delay); *compare Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 594 (D.D.C. 2018) (granting a party's first request for a 30-day extension).

7. Federal Defendants' failure to show good cause is further exemplified by their lack of diligence in moving this litigation forward, which is indicative of a pattern of unreasonable delays designed to further the political agenda of the current Administration. This delay and the forthcoming request for remand are simply pretext for the unabashed desire of the President to

eliminate all offshore wind projects from existence regardless of their impacts.[1] Federal Defendants have been provided with ample opportunity to develop a litigation strategy, respond to the Complaint, and defend decisions that have been relied upon by SouthCoast Wind. Yet, Federal Defendants seek to further extend the reasonable deadlines set by this Court without any explanation for the delay in their participation in this case. Accordingly, this request, made just seven days before the September 5th deadline (inclusive of a federal holiday weekend), amounts to nothing more than a deliberate tactic to stall this Project because it no longer fits with the Administration's agenda, not because it was approved in error.

8.  Finally, this Motion should be denied because allowing Federal Defendants to further delay these proceedings will result in undue prejudice to SouthCoast Wind as the Project proponent. *See Koch*, 251 F. Supp. 3d at 180-81 (denying a motion for extension of time and noting the prejudice that would be experienced by the opposing party in "needlessly" extending the proceedings). SouthCoast Wind has spent over seven years and hundreds of millions of dollars on developing and seeking the necessary approvals for its Project, for which BOEM (under the first Trump Administration) initially issued a lease (OCS-A 0521).[2] The fate of the Project hinges on

---

[1] *See e.g.,* NPR, *Trump Administration Halts Work on an Almost-Finished Wind Farm* (Aug. 23. 2025), *available at* https://www.npr.org/2025/08/23/nx-s1-5513919/trump-stops-offshore-wind-renewable-energy; The Hill, *Trump Plans to Cancel Another Offshore Wind Project* (Aug. 26. 2025), *available at* https://thehill.com/policy/energy-environment/5470888-donald-trump-targets-maryland-wind-project/; The New York Times, *Transportation Dept. Cancels $679 Million for Offshore Wind Projects* (Aug. 29, 2025), *available at* https://www.nytimes.com/2025/08/29/climate/transportation-dept-cancels-679-million-wind-industry.html.

[2] The treatment of offshore wind energy projects stands in stark contrast to other actions the Administration has taken with regard to permitting certainty and streamlined approvals for energy projects. *See e.g.* Executive Order 14154 "Unleashing American Energy" (directing all agencies to prioritize efficiency and certainty over any other objectives and to avoid and minimize delays and ambiguity in the permitting process); "Department of Interior Implements Emergency Permitting Procedures to Strengthen Domestic Energy Supply" (April 23, 2025) *available at*

the outcome of this litigation, which challenges one of the critical approvals required to move the Project forward. This litigation and Federal Defendants' response has had a chilling effect on the substantial investments made by SouthCoast Wind in reliance on the lease and subsequent approvals. Accordingly, SouthCoast Wind has a substantial interest in the timely resolution of this matter, and the additional extension sought by Federal Defendants will only further postpone the Court reaching a decision on the merits.

For these reasons, Defendant-Intervenor SouthCoast Wind respectfully requests that the Court deny Defendants' Motion to Defer the Deadline to Respond to Plaintiff's Complaint, and order Defendants to respond to Plaintiff's Complaint by September 5, 2025.

HOLLAND & KNIGHT LLP

By: */s/ Rafe Petersen*

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Counsel for Defendant-Intervenor*
*SouthCoast Wind Energy LLC*

---

https://www.doi.gov/pressreleases/department-interior-implements-emergency-permitting-procedures-strengthen-domestic.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2025, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

HOLLAND & KNIGHT LLP

By: */s/ Rafe Petersen*

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com
Alexandra.ward@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Counsel for Defendant-Intervenor
SouthCoast Wind Energy LLC*