IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOWN AND COUNTY OF NANTUCKET,**<br><br>    Plaintiff,<br><br> v.<br><br>**DOUG BURGUM, et al.,**<br><br>    Defendants. | Case No. 1:25-cv-00906-TSC |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DEFER THE DEADLINE TO RESPOND TO PLAINTIFF'S COMPLAINT**

  As explained in Federal Defendants' motion to defer the deadline to respond to Plaintiffs' complaint, the U.S. Department of the Interior intends to move, by September 18, for a voluntary remand of the agency action at issue in this litigation. Dkt. No. ¶ 3. Because that motion has the potential to affect Plaintiff's claims and the court's consideration of this case, a deferral of Federal Defendants' responsive pleading deadline will preserve judicial and party resources.

  On September 1, 2025, Defendant-Intervenor SouthCoast Wind Energy LLC ("SouthCoast Wind") filed an opposition to Federal Defendants' motion, arguing that the request "amounts to an indefinite stay of [Defendants'] responsive pleading deadline," which "is not a reasonable or routine request." Dkt. No. 18 ¶ 6. But SouthCoast Wind's response makes clear that its real opposition is to Interior's intent to seek a voluntary remand, not to any prejudice that would result from a deferral of the responsive pleading deadline while the Court considers Federal Defendants' remand motion. *Id.* ¶ 7. SouthCoast Wind offers no efficiency that could be gained by requiring Federal Defendants to respond to the complaint before the Court adjudicates the pending motion. Nor does SouthCoast Wind specify any undue prejudice that it would suffer

from the responsive pleading deadline in particular. If SouthCoast Wind believes it may be harmed by Interior's intent to reconsider the challenged action here, it is free to oppose Federal Defendants' motion for voluntary remand once that motion is filed, and the Court can adjudicate that motion in due course.

In the interests of judicial efficiency and to promote the orderly presentation and adjudication of issues, this Court should grant Federal Defendants' motion to defer the responsive pleading deadline until twenty-one days after either (i) the Court rules on Defendants' motion for voluntary remand or, (ii) if the Court grants a stay, until twenty-one days after the stay is lifted.

Respectfully submitted this 2nd day of September, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

*/s/ Angela N. Ellis*
ANGELA N. ELLIS
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0456
angela.ellis@usdoj.gov

*Counsel for Federal Defendants*