**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOWN AND COUNTY OF NANTUCKET, MASSACHUSETTS,<br><br>*Plaintiff,*<br><br>v.<br><br>DOUGLAS BURGUM, Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT,<br><br>*Defendants,*<br><br>and<br><br>SOUTHCOAST WIND ENERGY LLC,<br><br>*Defendant-Intervenor.* | Case No.: 1:25-cv-00906-TSC |

**DEFENDANT-INTERVENOR SOUTHCOAST WIND ENERGY LLC'S MOTION TO COMPEL THE ADMINISTRATIVE RECORD**

Defendant-Intervenor SouthCoast Wind Energy LLC ("SouthCoast Wind"), by and through its attorneys of record, hereby files this motion to compel Federal Defendants to compile the contents of the administrative record by September 19, 2025, and file a certified list of the contents of the administrative record pursuant to Local Rule 7(n) by October 6, 2025. In support of this request, SouthCoast Wind submits the following:

1. Plaintiff Town and County of Nantucket, Massachusetts ("Plaintiff") filed its Complaint in this matter on March 27, 2025 (ECF No. 1). The Complaint challenges the Record of Decision ("ROD") issued on December 20, 2024 by Defendant Bureau of Ocean Energy Management ("BOEM") approving SouthCoast Wind's Construction and Operations Plan

("COP") for its offshore wind project located off the coast of Massachusetts and Rhode Island (the "Project").

2. On May 28, 2025, Federal Defendants filed an Unopposed Motion for an Extension of Time to Respond to Complaint, requesting a 90-day extension to respond to the Complaint until September 5, 2025 (ECF No. 11).[1] As justification, Federal Defendants stated that "Federal Defendants require additional time to review the Complaint and prepare a response," citing to two unrelated June filing deadlines of the undersigned counsel. *Id.* This Court granted Federal Defendants' Unopposed Motion that same day.

3. On August 29, 2025, Federal Defendants sought additional time to respond to the Complaint by filing a Motion to Defer the Deadline to Respond to Plaintiff's Complaint ("Motion to Defer") (ECF No. 17). Specifically, the Motion to Defer indicated Federal Defendants' intent to move for voluntary remand and stay of the case by September 18, 2025, and requested that the Court defer their deadline to file a responsive pleading until either (a) 21 days after the Court rules on the remand motion, or (b) if a stay is granted, 21 days after the stay is lifted. *Id.* at 3. SouthCoast Wind filed an opposition to the Motion to Defer on September 1, 2025, citing Federal Defendants' lack of demonstrated good cause for a further extension of time to respond to a Complaint served upon them over five months ago (ECF No. 18). Federal Defendants filed a Reply in Support of the Motion to Defer on September 2, 2025 (ECF No. 19).

4. The Court did not grant Federal Defendants' Motion to Defer. Therefore, Federal Defendants' responsive pleading remained due on September 5, 2025. Federal Defendants willfully ignored this deadline and have yet to file any responsive pleading in this case.

[1] Based on Federal Defendants' Unopposed Motion, Federal Defendants' responsive pleading was originally due on or around June 9, 2025. *Id.*

5. In contrast, SouthCoast Wind has filed an Answer to the Complaint (ECF No. 16), and intends to vigorously defend its substantial investment in the Project that Plaintiffs (and perhaps now Federal Defendants) seek to set aside. Federal Defendants' attempt to abandon defense of their approvals, and simply lay down their sword when faced with Plaintiff's challenge should not result in forfeiture of SouthCoast Wind's interests. Indeed, this is the very reason SouthCoast Wind intervened in this matter (ECF No. 16 at 18-19) (discussing the fact that Federal Defendants may not adequately represent SouthCoast Wind's interests).

6. Pursuant to Local Rule 7(n), Federal Defendants "must file a certified list of the contents of the administrative record with the Court **within 30 days following service of an answer to a complaint** or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7 (emphasis added). Therefore, in accordance with the September 5th responsive pleading deadline set by this Court (which Federal Defendants wholly disregarded), the Local Rules require Federal Defendants to file a certified list of the contents of the administrative record no later than October 6, 2025.[2]

7. Federal Defendants' unwillingness to defend its lawful actions to date bolsters SouthCoast Wind's arguments made in its opposition to Federal Defendants' Motion to Defer (ECF No. 18) – that Federal Defendants are not acting in good faith with respect to these proceedings, but rather engaging in unreasonable delay tactics to serve an ulterior motive of this Administration's targeted, but unfounded, attack on the offshore wind industry.[3]

---

[2] Thirty days from September 5, 2025 is October 5, 2025, which is a Sunday. Therefore, Federal Defendants are required to file the certified list of the contents of the administrative record by Monday, October 6, 2025.

[3] It is unclear if Federal Defendants simply intend to default on this matter, or proceed without the Court's approval with their proposed schedule from their second extension request.

8. Meanwhile, SouthCoast Wind has engaged as an active participant in these proceedings in an effort to protect its direct, substantial, and legally protectable interests in the challenged Project approvals (which are in the hundreds of millions of dollars) that would be directly impaired by Plaintiff's requested relief.[4] SouthCoast Wind should be allowed to defend its legitimate rights and avoid the impacts of protracted litigation, especially in the event that Federal Defendants elect to abandon defense of the approvals altogether.

9. Federal Defendants' failure to comply with Court deadlines and genuinely participate in these proceedings leaves SouthCoast Wind with little choice but to defend the Project approvals on its own. Given SouthCoast Wind's meaningful involvement as a defending party in this case thus far, there is no reason why the proceedings should not continue in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. With the administrative record in hand, SouthCoast Wind may step into the shoes of BOEM and demonstrate that the ROD was lawfully issued and Plaintiffs' claims are specious.

10. Accordingly, for these reasons, SouthCoast Wind respectfully requests that the Court issue an Order compelling Federal Defendants to (a) provide SouthCoast Wind with a certified copy of the administrative record no later than September 19, 2025, so that SouthCoast Wind may have sufficient time to review the record that it will apparently be the only party meaningfully and zealously defending, and (b) file a certified list of the contents of the administrative record pursuant to Local Rule 7(n) by October 6, 2025.[5]

---

[4] SouthCoast Wind's Memorandum in Support of Its Motion to Intervene discussed its contractual commitments, explaining why it is essential for the Project to be constructed in a timely manner and the detrimental effect of further delay (ECF No. 6-1 at 12-13, 16-17).

[5] SouthCoast Wind anticipates that as a party to this litigation it will have an opportunity to respond regarding the adequacy of the Administrative Record and supplement as needed.

11. SouthCoast Wind's counsel contacted Counsel for Plaintiff and Federal Defendants regarding this Motion on September 9, 2025. Counsel for Plaintiff advised that Plaintiff takes no position on this request. Counsel for Federal Defendants indicated that Federal Defendants intend to oppose this Motion.

Respectfully submitted this 9th day of September, 2025.

HOLLAND & KNIGHT LLP

By: */s/ Rafe Petersen*

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com
Alexandra.Ward@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Counsel for Defendant-Intervenor SouthCoast Wind Energy LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2025, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

HOLLAND & KNIGHT LLP

By: */s/ Rafe Petersen*

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com
Alexandra.Ward@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Counsel for Defendant-Intervenor SouthCoast Wind Energy LLC*