## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOWN AND COUNTY OF NANTUCKET, MASSACHUSETTS,**<br><br>    Plaintiff,<br><br>  v.<br><br>**DOUG BURGUM, et al.,**<br><br>    Defendants. | Case No. 1:25-cv-00906-TSC |

### FEDERAL DEFENDANTS' OPPOSITION TO SOUTHCOAST WIND ENERGY LLC'S MOTION TO COMPEL THE ADMINISTRATIVE RECORD

This Court should deny Defendant-Intervenor SouthCoast Wind Energy LLC's motion to compel production of the administrative record, Dkt. No. 20. SouthCoast Wind asks the Court to order Federal Defendants to (i) produce a copy of the record to SouthCoast Wind by September 19, and (ii) file the contents of the administrative record on the docket by October 6.  Dkt. No. 20 ¶¶ 6, 10. But the deadline to lodge the administrative record has not yet been triggered, much less passed. *See* LCvR 7(n)(1). SouthCoast Wind's motion is therefore premature and contrary to the local rules. In addition, SouthCoast Wind seeks production of the record for a decision that the U.S. Department of the Interior is actively reconsidering. Interior has asked the Court to remand the agency action at issue here without vacatur and to stay this litigation until Interior's reconsideration is complete. Mot. for Voluntary Remand and Stay, Dkt. No. 21. The Court's decision on that motion—and the outcome of Interior's reconsideration—have the potential to affect or even moot this litigation. Thus, compiling and producing the administrative record would waste party

and judicial resources. This Court should not require the parties to expend resources litigating the sufficiency of the present agency action at least until it has had the opportunity to consider and rule on Interior's pending Motion for Voluntary Remand and Stay. And even if the Court were inclined to order Interior to produce the administrative record at this stage (it should not), South-Coast Wind's requested timeline is not feasible. As is typical in cases like this one, Interior would need additional time beyond the default thirty days provided by Rule 7(n) to compile its administrative record. SouthCoast Wind's motion should be denied.

*First*, the deadline to produce the record has not yet been triggered, let alone passed, so there is nothing to compel. Local Rule 7(n) addresses motions involving judicial review of administrative agency actions. It provides that, "unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7(n)(1). Neither event that would trigger the deadline to file the certified index has occurred: Federal Defendants have not served an answer to the complaint nor filed any dispositive motion.

SouthCoast Wind nevertheless asks the Court to treat September 5, 2025 (the prior deadline for Federal Defendants' response), as the operative date to trigger the thirty-day default deadline to certify the administrative record. That request is based, in part, on the incorrect premise that Local Rule 7(n) here requires the record to be produced thirty days after September 5. That is wrong. By its plain text, Rule 7(n)'s default deadline runs from "*service* of the answer to the complaint." LCvR 7(n)(1) (emphasis added). The answer has not yet been served.

Nor is SouthCoast Wind correct in assuming that an answer should have been served on September 5. It is true that the Court previously extended Federal Defendants' responsive pleading

deadline to that date. *See* May 28, 2025 Minute Order. But on August 25, Federal Defendants informed SouthCoast Wind that they intended to move for a voluntary remand and stay, and on August 29 asked the Court to further defer the responsive pleading deadline until after the Court had considered that then-forthcoming motion. *See* Mot. to Defer Deadline*,* Dkt. No. 17. South-Coast Wind opposed the motion to defer the answer date, Dkt. No. 18, and Federal Defendants filed a reply in support of the motion on September 2, Dkt. No. 19. The motion to defer the answer date was fully briefed before September 5. And Federal Defendant have now moved for remand and stay.  Dkt. No. 21. At a minimum, any answer to the complaint should wait at least until the Court rules on the remand motion and, if a stay is granted, until that stay ends. And the date to certify the administrative record should run from service of the answer, not sooner.

Even if SouthCoast Wind were correct that the thirty-day clock under Local Rule 7(n) be-gan to run on September 5, SouthCoast Wind does not provide any basis for its request to expedite record production to September 19. SouthCoast Wind does not point to anything in the Adminis-trative Procedure Act, the Federal Rules of Civil Procedure, or the Local Rules that requires Fed-eral Defendants to share with one party a copy of the administrative record before filing the certi-fied index for the record. To be sure, the government and other parties to litigation sometimes agree to such a procedure as a matter of efficiency in an effort to avoid motions practice related to the administrative record. But no such agreement has been reached here. There simply is no basis or justification for SouthCoast Wind's September 19 demand, and the Court should reject it.

*Second*, the Court should also deny SouthCoast Wind's motion because it is contrary to the interests of judicial economy. As Federal Defendants explained in the Motion for Voluntary Re-mand and Stay, Interior's reconsideration of its approval of the Construction and Operations Plan ("COP") here has the potential to affect or even moot this litigation. *See* Dkt. No. 21 at 6-8. It

therefore would make little sense at this time for the Court to compel production of the administrative record for an action (the COP approval) that Interior is actively reconsidering. *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("[Courts] prefer[] to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete."). When Interior's reconsideration is complete, it may take further action on the COP, which would supplant the agency decision that Plaintiffs challenge. And (to the extent it did not moot Plaintiffs' claims), any future action would potentially necessitate amended claims and a new administrative record. Under these circumstances, Federal Defendants should not be required to expend resources compiling and litigating the merits of a record that would no longer be the administrative record for the operative agency action when Interior completes its reconsideration.[1]

*Third*, SouthCoast Wind's motion should also be denied because the relief it seeks is impractical and infeasible. Federal agencies routinely require—and courts routinely grant—more than the thirty days allotted by Rule 7(n) to compile and lodge administrative records for actions like the COP approval here. *See, e.g.*, Answer, *Pres. Soc'y of Newport Cnty. v. U.S. Dep't of Interior*, No. 23-cv-3513-RCL (D.D.C. Feb. 2, 2024), Dkt. Nos. 24, 25; Notice of Filing of Admin. Record, *Pres. Soc'y of Newport Cnty,* No. 23-cv-3513-RCL (D.D.C. June 11, 2024), Dkt. No. 40 (administrative record lodged 130 days after service of answer); Scheduling Order, *Comm. For a Constructive Tomorrow v. U.S. Dep't of Interior*, No. 24-774 (LLA) (D.D.C. May 23, 2024)

---

[1] Nor does the Court need to review the administrative record before deciding Federal Defendants' remand motion. Courts regularly grant remand without review of the administrative record. *See, e.g.*, Minute Order, *Friends of Animals v. Williams*, No. 1:21-cv-2081-RC (Feb. 14, 2022) (granting government's request to defer administrative record until after court ruled on remand motion); Mem. Op. & Order, *Vanda Pharms., Inc. v. FDA*, (Mar. 14, 2019), Dkt. No. 11 (granting motion for voluntary remand and stay prior to lodging of administrative record).

(administrative record to be lodged 71 days after service of answer). Here, Federal Defendants anticipate—should a record even be necessary—that they will require additional time beyond thirty days to compile and certify the record. Federal Defendants would therefore request the opportunity to confer with the parties about a case management schedule—including a reasonable schedule for production of the record—should the Court deny Federal Defendants' Motion for Voluntary Remand and Stay.

SouthCoast Wind also offers no justification for why the record must be produced on its requested timeline. Instead, it rests on unsupported assumptions and conclusions about Interior's motivations and intent with respect to its request for remand. But Interior has been transparent both about the relief it is seeking and its reasons for doing so: Interior seeks a voluntary remand and stay of the litigation because it is reconsidering its COP approval, which is the agency action that Plaintiffs challenge. Dkt. No. 21 at 6-8. The Motion for Voluntary Remand and Stay is grounded in settled law that recognizes Interior's "inherent power to reconsider their own decisions through a voluntary remand." *Wallish v. U.S. Dep't of Def.*, No. 24-cv-00616-TSC, 2025 WL 1580702, at *2 (D.D.C. June 4, 2025). SouthCoast Wind is free to oppose the remand motion on any ground it would like. But the fact remains that the Court's ruling on that motion, and the outcome of Interior's reconsideration, may significantly affect this litigation. Thus, Interior has also asked the Court to defer the responsive pleading deadline at least until the Court rules on the remand motion. Dkt. No. 17 at 2. That request would conserve party and judicial resources. The same reasoning applies to compilation and certification of the administrative record.

\*    \*    \*    \*

SouthCoast Wind's motion to compel the production of the administrative record is unsupported by law, contrary to the interests of judicial economy, and in any event infeasible. The

motion should be denied.


Respectfully submitted this 19th day of September, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

*/s/ Angela N. Ellis*
ANGELA N. ELLIS
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 598-7942
angela.ellis@usdoj.gov


*Counsel for Federal Defendants*

6