**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TOWN AND COUNTY OF NANTUCKET, MASSACHUSETTS,

*Plaintiff,*

v.

DOUGLAS BURGUM, Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT,

*Defendants,*

and

SOUTHCOAST WIND ENERGY LLC,

*Defendant-Intervenor.*

Case No.: 1:25-cv-00906-TSC

**DEFENDANT-INTERVENOR SOUTHCOAST WIND ENERGY LLC'S REPLY TO FEDERAL DEFENDANTS' OPPOSITION TO MOTION TO COMPEL THE ADMINISTRATIVE RECORD**

Federal Defendants' Opposition to SouthCoast Wind's Motion to Compel the Administrative Record (Dkt. No. 22) ("Opposition") is rife with baseless and self-serving arguments that attempt to convince this Court that Federal Defendants should not be required to produce the Administrative Record in accordance with the deadlines established by this Court and the Local Rules. In requesting that this Court deny SouthCoast Wind's Motion to Compel the Administrative Record (Dkt. No. 20) ("Motion to Compel"), Federal Defendants fail to account for, or even acknowledge, their willful and deliberate disregard of their responsive pleading deadline and the undue prejudice that will be felt by SouthCoast Wind if this litigation continues to be unreasonably delayed by Federal Defendants. Further, and perhaps most critically, Federal

Defendants completely ignore the fact that SouthCoast Wind is funding preparation of the Administrative Record by a third-party vendor on the agencies' behalf. Therefore, Federal Defendants' Opposition operates as nothing more than another strategic tactic to prevent SouthCoast Wind from defending its lawfully granted approvals.

Accordingly, for the reasons discussed below, SouthCoast Wind respectfully requests that this Court grant its Motion to Compel the Administrative Record and direct Federal Defendants to provide a certified copy of the Administrative Record, and file a certified list of the contents of the Administrative Record pursuant to Local Rule 7(n) by October 6, 2025.

## Argument

### I. Local Rule 7(n) Requires Federal Defendants to Produce the Administrative Record by October 6, 2025.

A. Federal Defendants' Responsive Pleading Was Due on September 5, 2025.

Federal Defendants argue that the deadline to produce the Administrative Record under Local Rule 7(n) has not been triggered because September 5, 2025 was "the prior deadline" for Federal Defendants' responsive pleading (Dkt. No. 22, at 2). That is simply incorrect. Pursuant to Federal Defendants' Unopposed Motion for an Extension of Time (Dkt. No. 11), and the Court's granting of same, Federal Defendants were directed to respond to the Complaint by September 5, 2025. While Federal Defendants sought to again have the deadline extended via their Motion to Defer the Deadline to Respond to Plaintiff's Complaint ("Motion to Defer") (Dkt. No. 17), the Court never ruled on the Motion to Defer, which was opposed by SouthCoast Wind. **Accordingly, Federal Defendants' responsive pleading remained due on September 5, 2025.**

Nothing in the Federal Rules or the Local Rules of this Court operates to assume a motion has been granted when it remains unresolved, especially one that was opposed by another party.[1] Federal Defendants' willful disregard for this Court-ordered deadline did not and should not alter their obligation to comply with Local Rule 7(n) and file the certified list of contents of the Administrative Record and serve the parties with a copy of the Administrative Record within 30 days, *i.e.*, by October 6, 2025.

B. Federal Defendants Did Not Provide Any Justification for Failure to Meet the Responsive Pleading Deadline.

Federal Defendants provide no justification for their failure to meet the September 5th deadline and, notably, do not attempt to ask this Court for a post-deadline extension by demonstration of "excusable neglect" that would warrant additional time to respond to the Complaint and produce the Administrative Record. *See* Fed. R. Civ. P. 6(b). The "excusable neglect" standard necessitates a party to provide "some reasonable basis" for missing a court-ordered deadline, and requires the court to evaluate: "(1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith." *See Cohen v. Board of Trustees of the Univ. of the District of Columbia*, 819 F.3d 476, 479 (D.C. Cir. 2016) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd P'ship,* 507 U.S. 380, 395 (1995)). Federal Defendants do not even pursue this as an option because they cannot satisfy any of these factors.

[1] In fact, Federal Rule of Civil Procedure 6(b) explicitly states "the court" may grant an extension of time, and "[b]oth the Supreme Court and the D.C. Circuit Court have made it abundantly clear that Rule 6(b) is to be read and applied strictly." Fed. R. Civ. P. 6(b); *see also Mann v. Castiel,* 729 F. Supp. 2d 191, 195 (D.D.C. 2010) (internal citations omitted).

First, as discussed below, any further delay in producing the Administrative Record would prejudice SouthCoast Wind as permittee of the Project and the only party that remains in this litigation that plans on defending the Project approvals challenged by Plaintiff – *i.e.*, the environmental and historic resources reviews underlying the Bureau of Energy Management's ("BOEM") December 2024 Record of Decision ("ROD") for SouthCoast Wind's offshore wind project ("Project") concerns challenged by the Plaintiff. Any additional delay in providing SouthCoast Wind with the Administrative Record will impede its ability to prepare its defense in this matter and protect its substantial property interests at stake. Further, SouthCoast Wind will suffer prejudice because Federal Defendants (through their third-party contractor) have already invoiced SouthCoast Wind for the preparation of the Administrative Record that it now refuses to produce. *See* Declaration of Jennifer Flood in Support of SouthCoast Wind Energy LLC's Reply to Federal Defendants' Opposition to Motion to Compel the Administrative Record ("Flood Decl.") at ¶ 7. In fact, since November 2024 alone, SouthCoast Wind has already paid BOEM's third-party contractor, ICF, over $67,000 to prepare the Administrative Record, which includes over $20,000 spent specifically on compiling documents related to cultural and historical documents protected under the NHPA Section 304 and Section 106 consultation. *Id.*

Second, Federal Defendants' persistent delay has already had a significant adverse impact on these proceedings, and any further postponement in producing the Administrative Record will only compound these negative impacts. Federal Defendants should not be permitted to continue engaging in these delay tactics to serve an ulterior political motive to the detriment of the parties and judicial system, resulting in prolonged litigation and an inefficient judicial process.

Third, Federal Defendants have not offered any reasonable basis for this delay, which appears to be fully within Federal Defendants' control given that they have had months to prepare

for this litigation and, since November 2024 alone, have invoiced SouthCoast Wind over $67,000 for services rendered by a third-party contractor to compile the Administrative Record. Flood Decl. at ¶ 7. Federal Defendants assert that they should not be required to compile the Administrative Record due to their pending Motion for Voluntary Remand and Stay (Dkt. No. 21). This logic is flawed in that it assumes Federal Defendants' request for voluntary remand will be granted by this Court. Federal Defendants should not be permitted to shirk their obligations before this Court simply because of a pending motion.[2]

Finally, as discussed in SouthCoast Wind's Opposition to Federal Defendants' Motion to Defer the Deadline to Respond to Plaintiff's Complaint, (Dkt. No. 18), Federal Defendants have failed to present any good faith reason as to why they need additional time to respond to the Complaint and produce the Administrative Record which SouthCoast Wind has already reimbursed the Federal Defendants to compile. In fact, rather than providing any reasonable justification or excuse for why they did not file a responsive pleading by September 5th, Federal Defendants cite to their Motion to Defer, which requested the Court to issue an order deferring the responsive pleading deadline to after a decision on their now-pending Motion for Voluntary Remand and Stay. When no such order was issued by this Court, it was well within Federal Defendants' control to comply with the September 5th deadline. However, rather than doing so, Federal Defendants deliberately chose to ignore a Court order. This behavior should not be rewarded by allowing Federal Defendants to bypass their obligations under Local Rule 7(n) and further stall these proceedings.

---

[2] It appears that Federal Defendants are establishing a pattern in this Court of assuming that its motions requesting certain actions are granted unless and until they are expressly denied by this Court. Again, the Federal Rules of Civil Procedure, Local Rules, and D.C. Circuit case law do not support this interpretation.

## II. SouthCoast Wind Will Suffer Undue Prejudice if Production of the Administrative Record is Further Delayed by Federal Defendants.

Federal Defendants wholly disregard the prejudice that will be felt by SouthCoast Wind if production of the Administrative Record is further delayed. Federal Defendants argue that SouthCoast Wind has not provided "any basis" for its request to expedite production of the complete Administrative Record. (Dkt. No. 22, at 3). However, as explained in SouthCoast Wind's Motion to Compel, Federal Defendants have made clear that they do not plan on defending BOEM's NEPA and NHPA review processes underlying the ROD that are at issue in this case. Rather, Federal Defendants' actions to date have demonstrated their intention on engaging in a series of strategic litigation tactics, unrelated to issues before the Court and with no supporting legal authority, that further the political agenda of the Trump Administration to dismantle the offshore wind industry. Thus, as the only party remaining in this litigation that intends on meaningfully and zealously defending the Project approvals and underlying environmental and historic resources reviews, SouthCoast Wind requires access to the full and complete Administrative Record in order to prepare its defense. Withholding this information from SouthCoast Wind will result in undue prejudice to the party whose significant property interests are at stake in this proceeding.[3]

## III. Production of the Administrative Record Will Not Waste Judicial or Party Resources.

Interestingly, Federal Defendants assert that, in light of their recent Motion for Voluntary Remand and Stay, ("Motion for Remand") (Dkt. No. 21), production of the Administrative Record

---

[3] Indeed, in seeking to remand this matter, Federal Defendants seek to convince the Court that they have reasonable grounds to believe that there are issues with the Project being challenged, but then withhold certain documents that would allow that determination to be rebutted. SouthCoast Wind opposes Federal Defendants' pending Motion for Voluntary Remand and Stay and plans on filing an opposition with this Court by October 2, 2025. *See* Local Rule 7(b).

should not be required at this time because it would not serve the interests of judicial economy (Dkt. 22, at 4). This argument is flawed and should be discredited by the Court for two reasons.

A. Federal Defendants' Motion for Voluntary Remand and Stay Remains Pending.

Federal Defendants attempt to use their recently filed Motion for Remand as the principal reason for why production of the Administrative Record would be a waste of court and party resources. However, this argument is unpersuasive given that the Motion for Remand, which SouthCoast Wind intends to vigorously oppose, remains pending with this Court. It could be months before the Motion for Remand is decided, long past Federal Defendants' October 6th deadline to produce the Administrative Record pursuant to Local Rule 7(n). During this time, SouthCoast Wind, as the only party intent on defending BOEM's NEPA and NHPA review processes, could be reviewing the Administrative Record and developing a litigation strategy.

Further, although Federal Defendants state that compiling the Administrative Record would not be in the interests of "*judicial*" economy, the only support they provide for this statement is that the Court would be required to expend resources issuing an order on SouthCoast Wind's Motion to Compel. Indeed, the bulk of Federal Defendants' argument on this point is that the ***Government*** would be required to expend resources to compile the Administrative Record. (*See* Dkt. 22, at 3-4). However, in addition to seeking to further their own interests under the guise of professing concern for the time and resources of this Court,[4] this argument fails because, as discussed below, **the Administrative Record is already in the process of being prepared in this case, at SouthCoast Wind's expense**. *See* Flood. Decl. at ¶¶ 7, 8. Therefore, court and party

[4] Again, as discussed above, Federal Defendants have already wasted this Court's time and party resources by seeking an extension to file a responsive pleading, and then wholly failing to comply with the requested deadline. Federal Defendants cannot act in a manner that unreasonably delays the case, and then turn around and use that delay as a basis for an argument on judicial economy.

resources would not be wasted if Federal Defendants were ordered to provide the Administrative Record while the Motion for Remand is briefed and decided.

B. The Administrative Record Has Been Prepared at SouthCoast Wind's Expense.

SouthCoast Wind has worked collaboratively with BOEM to fund the compiling and preparation of the Administrative Record by BOEM's third-party vendor, ICF. *See* Flood. Decl. at ¶ 7. Since November 2024, SouthCoast Wind has paid ICF more than $67,000 to prepare the Administrative Record on BOEM's behalf. *Id.* Therefore, the Administrative Record sought by SouthCoast Wind is ready to be disseminated, and any suggestion that Federal Defendants will have to expend significant time or resources to undertake this effort appears to be an exaggeration.

Moreover, Federal Defendants' statements regarding the expenditure of their own resources are contradicted by their own actions. In opposing the request to produce the Administrative Record, Federal Defendants suggest that BOEM should not be required to expend resources compiling the Administrative Record and will require additional time beyond thirty days to compile and certify the record (Dkt. No. 22, at 4-5). Yet, in seeking to have this matter remanded, BOEM states that it has already reviewed the "approvals associated with the Project and has determined, based on its review to date, that it wishes to reconsider its COP approval" (Dkt. No. 21 at 5). This includes review of the Construction and Operations Plan, "the Environmental Impact Statement and other record documents" in this matter (Dkt. No. 21 at 11). Thus, the agency has, on one hand, already taken the time to do a detailed review of the entire record such that they have reached certain conclusions (*i.e.*, that remand is necessary) but, on the other hand, argue that they should not be forced to expend any resources to provide that same record. This inconsistency is further proof of the agency's lack of good faith in its approach to this case.

To be clear, even if the Administrative Record had not already been prepared, Federal Defendants' argument that the relief sought by SouthCoast Wind is "impractical and infeasible" would fall short (Dkt. No. 22, at 4). Federal Defendants are well-versed in the Local Rules of this Court and the requirement to file a certified index to the Administrative Record under Local Rule 7(n). Federal Defendants were served with the Complaint almost six months ago and thus have been aware of their Rule 7(n) obligation in this case since that time. Therefore, Federal Defendants have had ample time "beyond thirty days" to compile and certify the Administrative Record and have affirmatively taken steps to do so. *Id*.

Federal Defendants also attempt to cite to two other district court cases to argue that "[f]ederal agencies routinely require – and courts routinely grant – more than the thirty days allotted by Rule 7(n) to compile and lodge administrative records for actions." *Id.* That may be true, however, those cases involve entirely different circumstances in which the federal agencies filed their responsive pleadings within the prescribed time limit set by the Court Rules, or entered into an agreement with other parties on filing deadlines.[5] Accordingly, these cases are not instructive here, where Federal Defendants have failed to comply with time limits set by Local and Federal Rules or Court-ordered deadlines, and unreasonably delayed for almost six months after being served with the Complaint before engaging as an active participant in these proceedings.[6]

For these reasons, SouthCoast Wind respectfully requests that the Court grant the Motion to Compel the Administrative Record, and order Federal Defendants to provide a certified copy of

---

[5] *See Pres. Soc'y of Newport Cnty. v. U.S. Dep't of Interior*, No. 23-cv-3513-RCL (D.D.C) (agency filed answer within 60 days of being served, in accordance with Federal Rules of Civil Procedure); *Constructive Tomorrow v. U.S. Dep't of Interior*, No. 24-cv-774-LLA (D.D.C.) (parties agreed on the deadlines set forth in a court-approved scheduling order).

[6] SouthCoast Wind would be willing to consider a short extension of deadlines if approached by Federal Defendants making a reasonable request for such an extension.

the Administrative Record, and file a certified list of the contents of the Administrative Record pursuant to Local Rule 7(n) by October 6, 2025.

HOLLAND & KNIGHT LLP

By: *<u>/s/ Rafe Petersen</u>*

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Counsel for Defendant-Intervenor*
*SouthCoast Wind Energy LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

HOLLAND & KNIGHT LLP

By: */s/ Rafe Petersen*

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com
Alexandra.ward@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Counsel for Defendant-Intervenor SouthCoast Wind Energy LLC*