**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**TOWN AND COUNTY OF
NANTUCKET, MASSACHUSETTS**,

       Plaintiff,

   v.

**DOUGLAS BURGUM, Secretary of the
Interior; U.S. DEPARTMENT OF THE
INTERIOR; BUREAU OF OCEAN
ENERGY MANAGEMENT**,

       Defendants,

   and

**SOUTHCOAST WIND ENERGY LLC,**

       Defendant-Intervenor.

No. 25-cv-906

---

**<u>OPINION & ORDER</u>**

The Secretary of the Interior has broad discretion under the Outer Continental Shelf

Lands Act ("OCSLA") to "administer the provisions . . . relating to the leasing of the outer

Continental Shelf."  43 U.S.C. § 1334(a).  This delegation includes the authority to issue

renewable energy leases on the Outer Continental Shelf through the Bureau of Ocean Energy

Management ("BOEM").  *See id.* § 1337(p)(1)(C); 30 C.F.R. § 585.100.  Wind energy lessees

must seek approval from BOEM for various site and construction plans.  *See* 30 C.F.R. §§

585.600, 585.605–585.613, 585.620–585.628.  In this action, Plaintiff Town and County of

Nantucket brings National Environmental Policy Act, National Historic Preservation Act, and

Administrative Procedure Act challenges to BOEM's approval of Defendant-Intervenor

SouthCoast Wind Energy's Construction and Operations Plan for an industrial-scale offshore wind farm.  Compl. ¶¶ 1, 6, ECF No. 1.

On January 20, 2025, days after BOEM approved Defendant-Intervenor's permit, President Trump issued a Presidential Memorandum directing the Secretary of the Interior to "conduct a comprehensive review of the ecological, economic, and environmental necessity of terminating or amending any existing wind energy leases, identifying any legal bases for such removal, and submit a report with recommendations to the President."  90 Fed. Reg. 8363 (Jan. 20, 2025).  In accordance with this directive, Federal Defendants have requested—and Plaintiff supports—a remand of the permitting decision and stay of this action, pending the agency's reconsideration of the permit.  *See* Mot. to Remand, ECF No. 21; Plaintiff's Resp., ECF No. 25. Defendant-Intervenor alone opposes the request.  *See* Defendant-Intervenor's Resp., ECF No. 26. The court will grant Federal Defendants' motion in the interest of judicial economy, given Plaintiff's support of a remand and the lack of evidence that Defendant-Intervenor will suffer significant and immediate hardship during a stay.

Courts "have broad discretion to grant or deny an agency's motion to remand," *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018), and "generally grant" such motions "so long as 'the agency intends to take further action with respect to the original agency decision on review,'" *id.* (quoting *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017)).  An agency does not need to "confess error or impropriety in order to obtain a voluntary remand," but "ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge."  *Limnia*, 857 F.3d at 387.  Courts "consider whether the agency has provided a reasoned explanation for a remand, *see Clean Wis. v. EPA*, 964 F.3d 1145, 1175–76 (D.C. Cir. 2020), whether its motion is 'frivolous

or made in bad faith,' *Util. Solid Waste*, 901 F.3d at 436, and whether granting the motion would

'unduly prejudice the non-moving party,' *id.*"  *Cadillac of Naperville, Inc. v. NLRB*, 14 F.4th 703,

719 (D.C. Cir. 2021).  "[A]s long as the agency's concern is substantial and legitimate, a remand

is usually appropriate."  *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008); *but

cf. Lutheran Church-Missouri Synod v. F.C.C.*, 141 F.3d 344, 349 (D.C. Cir. 1998) (denying

agency's "novel, last second motion" for voluntary remand in light of a prospective, non-binding

policy statement).

    In the interest of judicial economy, and because the court is not convinced that

Defendant-Intervenor is likely to suffer immediate and significant hardship, the court exercises

its discretion to remand and stay this case pending the agency's reconsideration of the permit.  In

compliance with a new presidential directive requiring a second look at all wind energy projects,

BOEM intends to reconsider the very permitting decision about which Plaintiff complains.  The

agency now asserts that its Environmental Impact Statement may have "understated or

obfuscated impacts that could have subsequently been improperly weighed," resulting in possible

noncompliance with OCSLA.  Mot. to Remand at 7 (quoting Giacona Decl. ¶ 14).  Upon

completion of its review, it "will take a new agency action" on the permit: "to either approve,

disapprove, or approve with conditions."  *Id.*  "In connection with that new agency action,

BOEM will also need to consider the sufficiency of its environmental review," including under

the National Environmental Policy Act and the National Historic Preservation Act.  *Id.*  In other

words, Federal Defendants assert that they have identified potential issues with the analysis

underlying their original decision and credibly assert that their reconsideration may well amount

to "a complete reversal of course . . . that, if adopted, would necessitate substantively different

legal analysis and would likely moot the analysis we could undertake if deciding the case now." *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388–89 (D.C. Cir. 2012).

"To outweigh these 'institutional interests in the deferral of review,' any hardship caused by that deferral must be 'immediate and significant.'" *Id.* at 389 (quoting *Devia v. Nuclear Regul. Comm'n*, 492 F.3d 421, 427 (D.C. Cir. 2007)). The court need not consider any prejudice to Plaintiff, which supports a remand. Defendant-Intervenor, on the other hand, contends that remand "implicates various contracts and commitments made in reliance on the lawful issuance of Project approvals, project financing, and recent Congressional action to set firm deadlines on environmental reviews." Defendant-Intervenor's Resp. at 22. Even assuming it is proper to consider the hardship to a defendant-intervenor of deferring a decision on the challenger's petition, regulatory uncertainty due to protracted proceedings is an "insubstantial" hardship when, as here, the regulated party is "'not required to engage in, or to refrain from, any conduct.'" *Devia*, 492 F.3d at 427 (quoting *Atl. States Legal Found. v. EPA*, 325 F.3d 281, 285 (D.C. Cir. 2003)). "Moreover, an agency does not need a remand to reconsider a challenged rule—it can do so at any time, including while challenges are pending before this court." *Utah ex. rel. Cox v. EPA*, No. 23-1157, 2025 WL 1354371, at *5 (D.C. Cir. May 2, 2025). "Intervenors, in other words, face these potential costs regardless of whether we grant [Federal Defendants'] motion and, given this, such costs hardly constitute 'undu[e] prejudice.'" *Clean Wis.*, 964 F.3d at 1175–76 (quoting *Util. Solid Waste*, 901 F.3d at 436).

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay is appropriate for the reasons outlined above, and courts regularly stay proceedings to allow an agency to pursue further action on the rulemaking at issue. *See, e.g.*, *Code v. McHugh*, 139 F. Supp. 3d 465, 466

(D.D.C. 2015); *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 76 (D.D.C. 2015); *Sierra Club*, 560 F. Supp. 2d at 26.  Should BOEM reach a decision Defendant-Intervenor finds objectionable, it retains the opportunity to challenge the amended rule before this court.  *See Lew*, 142 F. Supp. at 74.

       For the foregoing reasons, the court GRANTS Defendants' Motion for Voluntary Remand and Stay of Proceedings, ECF No. 21, and DENIES as moot without prejudice Defendants' Motion for Extension of Time to Respond to the Complaint, ECF No. 17, and Defendant-Intervenor's Motion to Compel the Administrative Record, ECF No. 20.

       It is ORDERED that the case be REMANDED to BOEM for reconsideration of its decision and that proceedings in this court are STAYED until further order of the court.  It is further ORDERED that, on or before January 3, 2026, and every 60 days thereafter, the parties shall file a joint status report indicating the status of BOEM's remand proceedings.  It is further ORDERED that on or before 30 days following the issuance of a decision by BOEM, the parties shall file a joint status report informing the court if further proceedings are necessary and, if so, providing a proposed schedule for those proceedings.

Date: November 4, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge